IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| COREY FAHY, | : | |
| | : | |
| Plaintiff, | : | Civil Action |
| | : | |
| v. | : | No. 10-1561 |
| | : | |
| LINDEN RESEARCH, INC., et al., | : | |
| | : | |
| Defendants. | : | |

## OPINION AND ORDER

**Slomsky, J.**                                                                                                                                                                    October 13, 2010

## I.     INTRODUCTION

On April 8, 2010, Plaintiff, Corey Fahy, filed a Complaint in this Court, naming as Defendants Linden Research, Inc., Insanity Productions, L.L.C., Joseph Damico, "Developers of Cool VL Viewer," "Contributors of Cool VL Viewer," "Distributors of Cool VL Viewer," "Developers of Imprudence Viewer," "Contributors of Imprudence Viewer," "Distributors of Imprudence Viewer," twenty-two "J. Does" each listed by his or her alias used in "Second Life," and "Other John/Jane Does also using [his] intellectual property." (Doc. No. 1.) The Complaint alleges illegal distribution of Plaintiff's intellectual property in violation of his rights under the Digital Millennium Copyright Act ("DMCA"), a contract formed between the owners and players of the virtual reality computer game Second Life. (Id.)[1]

---

[1] More specifically, Plaintiff alleges he "invented an algorithm that alters the communication between clients and servers using Second Life virtual realty architecture, resulting in a measurably faster interactivity by decreasing load time before which you can view and interact with virtual constructs in Second Life, and any other virtual reality world built on the same architecture." (Doc. No. 1 at 8.) He alleges that the "J. Does" used and/or distributed the algorithm without his knowledge or consent and in violation of the DMCA, and that Defendants Linden Research, Inc. and Insanity Productions, L.L.C. failed to provide the algorithm with the protections required by the DMCA. (Id. at 10-16.)

On April 8, 2008, as reflected in the Docket, the Clerk of Court for the Eastern District of Pennsylvania issued a Summons for each named Defendant. However, Plaintiff has failed to file proof of service of the Summons and Complaint on any Defendant. On August 27, 2010, the Court issued a Show Cause Order requiring Plaintiff to submit a letter to the Court explaining whether there was good cause for his failure to serve Defendants. (Doc. No. 4.)[2] Plaintiff did not respond at all to the Show Cause Order. On September 22, 2010, the Court issued an Order directing Plaintiff to appear at a hearing on October 7, 2010 to show cause why his Complaint should not be dismissed pursuant to Federal Rule of Civil Procedure 4(m) for failure to serve Defendants within the 120-day deadline. (Doc. No. 5.)[3] Plaintiff did not appear at the hearing on October 7, 2010.

---

[2] This Court's August 27, 2010 Show Cause Order stated:

> [U]pon review of the docket in the above-captioned case and it being apparent that Plaintiff has not filed proof of service of the Summons and Complaint upon Defendants within the 120-day deadline under Federal Rule of Civil Procedure 4(m), it is ORDERED that, within fourteen (14) days of the date of this Order, Plaintiff shall show cause in a letter to the Court as to whether there is good cause for failing to serve these Defendants.
>
> In the absence of good cause, the Court has the discretion to either: (1) extend the time for Plaintiff to serve Defendants, or (2) dismiss this case without prejudice.

[3] This Court's September 22, 2010 Order stated:

> [U]pon review of the docket in the above-captioned case and it being apparent that Plaintiff has not filed proof of service of the Summons and Complaint upon Defendants within the 120-day deadline under Federal Rule of Civil Procedure 4(m), it is ORDERED that Plaintiff Corey Fahy appear before the Honorable Joel H. Slomsky on <u>Thursday, October 7, 2010 at 10:00 a.m.</u> in Courtroom 5C in the United States Courthouse, 601 Market Street, Philadelphia, Pennsylvania, to Show Cause why his Complaint should not be dismissed pursuant to Federal Rule of Civil Procedure 4(m) for failure to serve Defendants within the 120-day deadline.

For the following reasons, the Court will dismiss Plaintiff's Complaint without prejudice pursuant to Federal Rule Civil Procedure 4(m).

## II. DISCUSSION

Federal Rule of Civil Procedure 4(m) provides:

> "If a defendant is not served within 120 days after the complaint is filed, the court–on motion or on its own after notice to the plaintiff–must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."

The Rule requires a court to extend time for service if good cause is shown and, absent a showing of good cause, permits a court to dismiss the case without prejudice or to extend time for service where other factors warrant extending the time. Petrucelli v. Bohringer & Ratzinger, GMBH Ltd., 46 F. 3d 1298, 1305, 1307 (3d Cir. 1995). In Petrucelli, the Third Circuit held that the analysis under Rule 4(m) involves a two-part process. Id. at 1305. "First, the district court should determine whether good cause exists for an extension of time. If good cause is present, the district court must extend time for service and the inquiry is ended. If, however, good cause does not exist, the court may in its discretion decide whether to dismiss the case without prejudice or extend time for service." Id.

Here, Plaintiff filed his Complaint on April 8, 2010. Accordingly, Defendants should have been served by August 6, 2010. By this date, Plaintiff failed to file proof of service. Thereafter, the Court, in the August 27, 2010 Show Cause Order and at the October 7, 2010 Show Cause Hearing, gave Plaintiff ample opportunity to show good cause for his failure to serve the Summons and Complaint on Defendants. Plaintiff did not respond to the two Show Cause Orders, nor did he appear at the October 7, 2010 Hearing. Consequently, Plaintiff has

failed to show good cause under Federal Rule Civil Procedure 4(m) for failure to serve.

In addition, by failing to respond to the Court's Show Cause Orders, Plaintiff has failed to advance other reasons which, although not enough by themselves to establish good cause, would warrant an extension of time to serve the Summons and Complaint. Therefore, pursuant to Federal Rule Civil Procedure 4(m), the Court will dismiss the Complaint without prejudice.[4]

### III. CONCLUSION

For the foregoing reasons, the Court will dismiss Plaintiff's Complaint without prejudice. An appropriate Order follows.

---

[4] The Court has also considered the "Poulis factors" in this situation, even though they may not apply. In Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984), the Third Circuit held:

> In exercising its appellate function to determine whether the trial court has abused its discretion in dismissing or refusing to lift a default, we will be guided by the manner in which the trial court balanced the following factors, which have been enumerated in the earlier cases, and whether the record supports its findings: (1) the extent of the *party's* personal *responsibility*; (2) the *prejudice* to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a *history* of dilatoriness; (4) whether the conduct of the party or the attorney was *willful* or in *bad faith*; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of *alternative sanctions*; and (6) the *meritoriousness* of the claim or defense.

Id. at 868. Not all factors need be satisfied to warrant dismissal. Mindek v. Rigatti, 964 F.2d 1369, 1373 (3d Cir. 1992).
  Here, the first and third Poulis factors (Plaintiff's responsibility and dilatoriness) are most heavily implicated. Plaintiff has been issued a Summons for each named Defendant. He has failed to show that his failure to serve is attributable to anything other than his own inaction. Additionally, Plaintiff's failure to serve prejudices Defendants because without service Defendants lack notice of Plaintiff's claims against them. Factors one to five weigh in favor of dismissal. Factor six does not apply at this stage of the case.